**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2928-WJM-CBS

GLOBAL LOGISTICS SOLUTIONS, LLC,

    Third-Party Plaintiff,

v.

CIAO GROUP, INC.;
CIAO GROUP HOLDING, INC.;
CIAO TELECOM, INC.;
CIAO TELECOM, LLC ; and
EUGENIO SANTOS,

    Third-Party Defendants / Cross-Claimants.

---

**ORDER TERMINATING THIRD PARTY DEFENDANT CIAO TELECOM, INC.**

---

    This action for breach of contract and indemnification is pending on federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1).  Now before the Court are Third Party Defendants' Suggestion of Bankruptcy (ECF No. 69), the Court's Order to Show Cause as to why this case should not be administratively closed given the bankruptcy filing by CIAO Telecom, Inc. (ECF No. 70), and the parties' respective filings responding to the Court's Order.  (ECF Nos. 71, 75 & 78.)

    For the reasons set forth below, the Court's Order to Show Cause (ECF No. 70) is made absolute in part; Third Party Defendant CIAO Telecom, Inc. is terminated as a party, as if the case were administratively closed as to CIAO Telecom, Inc., but not as to any other party; and the parties must contact the chambers of U.S. Magistrate Judge

Craig B. Shaffer within one business day of the entry of this Order to arrange for a status/scheduling conference. In addition, the Court orders that this case be re-captioned as set forth below.

## I. BACKGROUND

This case originated in 2014 as an action brought by then-Plaintiff KSE Soccer, Inc. ("KSE") against Global Logistics Solutions, LLC ("Global"). Global has since settled the claims brought by KSE, and KSE has been dismissed with prejudice from this lawsuit and terminated as a party. (ECF Nos. 51, 54.) However, Global also brought Third-Party claims against Third-Party Defendants (CIAO Telecom, LLC; CIAO Group Holding, Inc.; CIAO Telecom, Inc.; CIAO Group, Inc.; and Eugenio Santos, allegedly an officer and/or principal of the several CIAO business entities—collectively, the "CIAO Entities"). The CIAO Entities in turn raised counter-claims against Global. Thus, the remaining claims are now those brought by Global and the CIAO Entities against each another.

Global's claims allege breach of contract and express indemnity, arising from an April 28, 2014 agreement signed by Global and by Mr. Santos on behalf of CIAO Telecom, LLC. (ECF No. 25 at 5–8; No. 25-1.) Global also alleges that each of the CIAO Entities "was the agent, servant, employee, joint-venturer, alter ego, subsidiary and/or under the same ownership and control, of the other Third Party Defendant[s], and . . . . acting in the full course and scope of said agency, service, employment and/or joint venture." (ECF No. 25 at 2.)

The CIAO Entities dispute Global's claims for relief and have filed a counterclaim by CIAO Group, Inc. alleging breach of contract by Global. (ECF No. 60-1.) As to the agency, ownership, joint venture, or alter ego relationships among the CIAO Entities, they deny Global's allegations quoted above. (ECF No. 60-1 at 2.) The several CIAO Entities have acted in concert in this litigation. They are all represented by the same counsel and, for example, their Answer to Global's claims is pled as a single set of allegations signed and filed on behalf of all the CIAO Entities.

One of the CIAO Entities, CIAO Telecom, Inc., filed a voluntary petition for Chapter 7 bankruptcy on March 23, 2016; the next day the CIAO Entities filed a Suggestion of Bankruptcy in this case (ECF No. 69), suggesting that this case should be stayed pursuant to 11. U.S.C. § 362, the automatic stay provision of the Bankruptcy Code.[1] The Court entered an Order to Show Cause (ECF No. 70) as to why this case should not (a) be administratively closed given the filing of the bankruptcy action, and (b) remain administratively closed until the final disposition of the bankruptcy action and good cause thereafter shown for reopening the case. The parties have filed briefing directed by the Court responding to that Order. (ECF Nos. 71, 75, 78.)

Global contends that this case should be administratively closed *only* as to the named debtor in the bankruptcy case, CIAO Telecom, Inc., but should remain open as to the other four of the CIAO Entities, because the bankruptcy filing and automatic stay apply only to the debtor in the bankruptcy action. (ECF No. 71.)

---

[1] The bankruptcy case is *In re Ciao Telecom, Inc.*, No. 16-31164-sgj7 (Bankr. N.D. Tex.; pet'n filed Mar. 23, 2016).

The CIAO Entities concede that the automatic bankruptcy stay "generally does not apply to non-debtor parties involved in multi-party litigation," but they argue that an exception in "unusual situations" is recognized by the Tenth Circuit and should be applied here to extend the stay to all of the CIAO Entities and administratively close this case in its entirety. (ECF. No. 75 at 3–4 (citing *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994, 998–999 (4th Cir.), *cert. denied*, 463 U.S. 1247 (1986), and *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141–42 (10th Cir. 1994)).) The CIAO Entities argue that CIAO Telecom, Inc. (the bankruptcy debtor) is the only proper party to the agreement from which Global's breach of contract and indemnity claims arise, and that although the sole signatory to that agreement was CIAO Telecom, LLC, this was "a typographical error by [Global]," and that "there is no 'CIAO Telecom, LLC.'" (*Id.* at 2, 4.) The CIAO Entities also assert that "any judgment entered in this proceeding will effectively serve as a judgment against CIAO Telecom, Inc. [the bankruptcy debtor], because the other CIAO Third-Party Defendants will likely exercise either their common law or contractual indemnification or contribution rights against CIAO Telecom, Inc." (*Id.* at 5.) They therefore argue that the stay should extend to all the CIAO Entities and that this case should be administratively closed in its entirety.

In reply, Global argues that the CIAO Entities have never before raised or relied on the alleged non-existence of the CIAO Telecom, LLC entity as an issue in this case; that they have in fact previously answered claims and made numerous filings on behalf of that entity; that the error in the underlying agreement was not of Global's making; and that the existence of "a new, disputed material fact" should preclude administrative

closure, which Global argues would function as a summary adjudication of liability. (ECF No. 78.) Global supports certain of its factual arguments with a Declaration by one of its employees (ECF No. 78-1) and argues that it is "entitled to determine the proper entity defendants"—at a minimum, says Global, the case should remain open long enough for it to complete discovery "regarding the existence and interrelatedness of the various CIAO Entities." (ECF No. 78 at 5–6.)

## II.  ANALYSIS

The Bankruptcy Code, 11. U.S.C. § 362, provides for an automatic stay of litigation upon the filing of a bankruptcy proceeding:

> [A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of–
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

By its plain language, the statute applies the stay only to actions or proceedings "*against the debtor*." *Id.* (emphasis added). Thus, the Tenth Circuit recognizes that, as a general rule, "the stay provision does not extend to solvent codefendants of the debtor." *Blodgett*, 24 F.3d at 141; *see also Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997)(same, quoting *Blodgett*), *abrogated on other grounds by TW Telecom Holdings v. Carolina Internet, Ltd.*, 661 F.3d 495 (10th Cir. 2011); *Fortier v.*

*Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) ("we join the other circuit courts in concluding that 11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants."); *Fisher Sand & Gravel Co. v. Western Sur. Co.*, 2009 WL 4099768, at *4 (D.N.M. Oct. 20, 2009) ("[A]lthough the stay provided by 11 U.S.C. § 362(a) is automatic as to the debtor, it is not automatic as to others. Unless the bankruptcy court expressly extends the stay to others, it applies by its literal terms only to the debtor.").

The Tenth Circuit and other courts, however, do recognize a "narrow exception" to this rule in "unusual situations," where the stay should extend to non-debtor co-defendants. *Blodgett*, 24 F.3d at 141–42. In *Blodgett*, the Tenth Circuit stated that this exception may arise "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* at 141 (quoting *A.H. Robins*, 788 F.2d at 999).

Other courts have described additional situations where the "unusual situation" exception may extend the stay to defendants other than the bankruptcy debtor. In *A.H. Robins*, the Fourth Circuit stated that one example "would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." 788 F.2d at 999. *A.H. Robins* also summarized the purposes of § 362 that may be furthered by extending the stay, including "to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings," "to preclude one creditor from pursuing a remedy to the disadvantage of

6

other creditors," and to provide "opportunity to formulate a plan of reorganization for the debtor." *Id.* at 998. In *Mason v. Oklahoma Turnpike Authority*, the Tenth Circuit similarly suggested that the departure from the rule might be warranted when "essential to serve the policies underlying § 362(a)(1)." 115 F.3d at 1450 (holding exception did not apply and addressing issues raised by non-debtor defendants). And, applying *Mason*, this Court has extended the automatic stay in at least one case where it concluded that "continued litigation would impact the bankruptcy proceeding and/or the purposes of the automatic stay provision." *Robert W. Thomas & Anne McDonald Thomas Revocable Trust v. Inland Pac. Colo., LLC*, 2013 WL 708493, at *2 (D. Colo. Feb. 26, 2013).[2]

Here, however, the Court cannot conclude that the facts before it warrant extension of the stay or departure from the general rule that the stay applies only to the debtor. The CIAO Entities, through their lawyers' statements, assert that "any judgment entered in this proceeding will effectively serve as a judgment against CIAO Telecom, Inc." and suggest the existence of unspecified "common law or contractual indemnification or contribution rights" among the several CIAO Entities, and further state that the co-defendant entities are "likely" to exercise such rights against CIAO Telecom,

---

[2] In *Inland Pacific*, the plaintiff brought claims against co-defendants arising from alleged illegal transfers of assets from the bankrupt defendant to the co-defendants, including allegations of unjust enrichment and fraudulent transfers. The bankruptcy estate also included related fraudulent transfer claims, that were assets of the debtor. The Court concluded that allowing the claims against the co-defendants to proceed would adversely impact the bankruptcy proceeding and that the defendant's "efforts to reorganize may be stifled." 2013 WL 708493, at *3. No comparable facts or interests are presented here. Global's claims do not allege improper transfers out of the bankrupt entity or present claims that are intertwined with claims owned by the bankruptcy estate . Moreover, CIAO Telecom, Inc. has filed for Chapter 7 bankruptcy, providing for liquidation, not reorganization.

Inc. (ECF No. 75 at 5.) However, these assertions are not supported by record citations or competent evidence. In particular, the CIAO Entities do not provide any affidavits or declarations establishing the relationships among the CIAO Entities. Nor do they cite to any docket filings or competent evidence before the Court documenting these relationships or what indemnities do or do not exist among the several CIAO Entities. The CIAO Entities also have not, apparently, made such a factual record or sought an affirmative extension of the stay in the Bankruptcy Court. *See In re CIAO Telecom, Inc.*, No. 16-31164-sgj7 (Bankr. N.D. Tex.) (docket last reviewed Apr. 20, 2016); *cf. Metro Bulletins Corp. v. Soboleski*, 620 A.2d 1314, 1317 (Conn. App. Ct. 1993) ("the weight of the case law indicates that a nondebtor, seeking to extend the stay beyond the debtor, must move for the extension in the bankruptcy court").

In addition, the CIAO Entities' previously filed Answer and Amended Answer (ECF Nos. 42, 60-1) not only admitted the existence of CIAO Telecom, LLC but also denied that any other entity, including CIAO Telecom, Inc. was a party to the underlying agreement or a proper party to this suit, and denied any subsidiary, agency or alter ego relationship among the entities "[t]o the extent the allegations . . . involve factual issues." (ECF No. 60-1 at 2.) The CIAO Entities' current assertion that the debtor, CIAO Telecom, Inc., is in fact the *only* proper party to the agreement (and by implication that it is the only real party facing liability in this case)[3] is thus in conflict with their prior

---

[3] The Court notes that the CIAO Entities have disputed that any entity other than CIAO Telecom, LLC was a party to the agreement or a proper party to this lawsuit (ECF 60-1 at 1–2), and that as of the November 12, 2015 Scheduling Order, the CIAO Entities expressly reserved "an affirmative defense that Mr. Santos is not a proper party," and were "plan[ning] to file a dispositive motion to have Mr. Santos dismissed." (ECF No. 68 at 2 n.1.) No such dispositive motion(s) have been filed, however, and all of the CIAO Entities remained named parties as of

pleadings and creates an apparent dispute regarding the facts necessary to conclude whether the stay should be extended to non-debtor defendants. This is another reason the Court will not administratively close this case as to the non-debtor defendants at this time.

Whatever the exact scope of the "unusual situation" exception, it is clear that the exception is "narrow" and that the "general rule . . . is that the stay provision does not extend to solvent codefendants," but to the debtor alone. *Blodgett*, 24 F.3d at 141; *Fisher*, 2009 WL 4099768, at *4 (stay is "automatic as to the debtor, it is not automatic as to others"). Absent a showing on competent evidence from the parties seeking relief, the Court will not deviate from the general rule. The automatic stay applies to the debtor, CIAO Telecom, Inc. It does not extend to the other four CIAO Entities, as they are not debtors in the bankruptcy proceeding.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 70) is MADE ABSOLUTE IN PART;

2. Third Party Defendant CIAO Telecom, Inc., is terminated as a party in this case, as if the case were administratively closed as to CIAO Telecom, Inc. only. The termination of CIAO Telecom, Inc. may be vacated upon a future showing of good cause;

3. The parties are DIRECTED to contact the chambers of Judge Shaffer within one business day of the entry of this Order to arrange for a status / scheduling

---

the bankruptcy filing.

conference; and

4. This case is re-captioned in light of the previously filed Stipulation of Dismissal of KSE Soccer, Inc. (ECF No. 51) and termination of KSE Soccer, Inc. as plaintiff in this case (ECF No. 54).  The Clerk and parties shall file all subsequent documents in this case under the following caption:

> Global Logistics Solutions, LLC,
>     Plaintiff,
>
> v.
>
> CIAO Group, Inc.,
> CIAO Group Holding, Inc.,
> CIAO Telecom, LLC, and
> Eugenio Santos,
>     Defendants.

Any party objecting to this re-captioning shall file a notice of such objection with the Court on or before April 25, 2016.

Dated this 20th day of April, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge